

# In the Missouri Court of Appeals
# Eastern District

DIVISION FIVE

| | | |
|---|---|---|
| JANE E. MENSE, et al., | ) | No. ED103586 |
| | ) | |
| Plaintiffs/Appellants, | ) | Appeal from the Circuit Court of |
| | ) | Franklin County |
| vs. | ) | |
| | ) | |
| ZACHARY W. RENNICK, et al., | ) | Hon. Thomas J. Frawley |
| | ) | |
| Defendants/Respondents. | ) | FILED: June 7, 2016 |

## OPINION

Jane Mense appeals the judgment of the probate division of the circuit court enforcing the succession provisions of her irrevocable trust as directed by the first trustee, Zach Rennick. We affirm.

## Background

Appellants are Jane Mense and her minor daughter, Clare. Respondent Zach Rennick is an attorney and Mense's nephew. Additional respondents are Mense's adult children, Ethan, Emma, and Maxwell Nieder.

Mense's husband died in September 2009, leaving her a $1.2 million life insurance policy. Rennick, then the family's attorney, drafted an irrevocable trust to manage the funds. Rennick was named as first trustee. A long-time family friend, Matthew Sellmeyer, was designated first successor trustee. As relevant here, section 3J of the trust stated as follows:

Zachary W. Rennick [birth date, address, SSN] shall act at First Trustee. While acting as Trustee, shall possess all of the Trustee succession powers (hereinafter described). […] In the event that Zachary W. Rennick can no longer, or is unable to, serve as Trustee, then, as the first successor Trustee, I hereby appoint Matthew J. Sellmeyer [address, SSN] … .

Subsequent sub-sections of section 3J specifically authorize the first trustee to revoke the designation of unappointed successor trustees, appoint any other successor trustee, and remove any acting successor trustee whom the first trustee appointed.

In November 2012, Mense filed a petition to remove Rennick as trustee. The petition alleged that Rennick had repeatedly denied requests for disbursements and failed to pay Mense's invoices and obligations such that Mense was delinquent or in default on various payments, resulting in late fees, overdraft fees, service interruptions, threats of foreclosure, lawsuits, loss of a family business, and the death of a family pet. The petition sought an injunction against Rennick, an accounting, and damages for conversion. After protracted pre-trial proceedings, the case was scheduled for hearing August 10, 2015. Days before the hearing, Rennick revoked Sellmeyer's appointment as successor trustee and replaced Sellmeyer with a list of commercial trustees, the first being Trust Company of the Ozarks.[1] Rennick then resigned as first trustee.

The hearing proceeded as scheduled but shifted focus to whether Rennick's actions were enforceable and, consequently, who would serve as successor trustee. Mense sought to introduce testimony about her intentions and understandings with respect to the trust. Respondents' counsel objected on the basis of the parol evidence rule. The trial court sustained the objection but allowed Mense to proceed with an offer of proof. Mense and Sellmeyer testified that they had been friends since 1983 and had

---

[1] Rennick named as subsequent successor trustees Commerce Trust Company, Central Trust and Investment Company, Stifel Trust Company, and Enterprise Bank and Trust.

agreed to take care of each other's families. Mense's last will and testament named Sellmeyer as executor of her estate and legal guardian of Clare. Sellmeyer's *inter vivos* trust named Mense's children as beneficiaries of his estate. The trial court *sua sponte* acknowledged that Mense expected Sellmeyer to replace Rennick as trustee if Rennick could no longer serve. Rennick appeared only by counsel and presented no evidence.

From the bench, the trial court ordered Rennick to provide an accounting within 30 days. After additional briefing, the trial court concluded that section 3J was clear and unambiguous in granting succession powers to Rennick notwithstanding the omission of a subject in the second sentence. Consequently, the court enforced Rennick's removal of Sellmeyer and his appointment of Trust Company of the Ozarks as successor trustee. The court certified its judgment final and appealable while Mense's other claims against Rennick for conversion and damages remained pending.

Mense appeals and asserts that the trial court erred by (1) finding the trust language unambiguous as to who was empowered to appoint a successor trustee, (2) enforcing Rennick's appointment of Trust Company of the Ozarks as successor trustee, and (3) excluding extrinsic evidence (adduced in Mense's offer of proof) about the circumstances surrounding execution of the trust.

### Standard of Review

As in other court-tried cases, we must we must affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Kempton v. Dugan, 224 S.W.3d 83, 86 (Mo. App. W.D. 2007), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). The interpretation of a trust is a question of law, so our review is *de novo*. Id.

3

**Analysis**

*Ambiguity*

First, Mense asserts that the trial court erred in finding the trust unambiguous. Specifically, Mense argues that the missing subject (*i.e.*, a name or pronoun) in the second sentence of section 3J renders the paragraph patently ambiguous. A patent ambiguity is one that appears on the face of the document. In re Johnson, 190 S.W.3d 469, 475 (Mo. App. S.D. 2006). As stated above and repeated here for ease of reference, section 3J states in pertinent part:

> Zachary W. Rennick [birth date, address, SSN] shall act at First Trustee. While acting as Trustee, shall possess all of the Trustee succession powers (hereinafter described). […] In the event that Zachary W. Rennick can no longer, or is unable to, serve as Trustee, then, as the first successor Trustee, I hereby appoint Matthew J. Sellmeyer [address, SSN] … .

The trial court concluded, as Respondents argue here, that this paragraph read as a whole is clear and unambiguous notwithstanding the missing subject in the second sentence. We agree. As the trial court reasoned, the second sentence granting succession powers immediately follows the designation of Rennick as trustee in the first sentence. In this context, it necessarily refers to Rennick. The two sentences read together permit no other interpretation. Sellmeyer's name, address, and social security number appear for the first time only at the end of the paragraph.

"The mere fact the parties disagree upon the interpretation of a document does not render it ambiguous." In re Nelson, 926 S.W.2d 707, 709 (Mo. App. S.D. 1996). Simply

4

put, although the omission was unquestionably a drafting error, no ambiguity resulted.[2] Point I is denied.

*Successor Appointment*

For her second point, Mense contends that the trial court erred in enforcing Rennick's appointment of Trust Company of the Ozarks as first successor trustee because section 3J is ambiguous as to who possesses the authority to appoint successor trustees. This point is predicated on a finding of ambiguity in point I and therefore must fail. As discussed above, despite the drafting omission in the second sentence of section 3J, the paragraph unambiguously empowers Rennick to appoint successor trustees. Point II is denied.

*Extrinsic Evidence*

For point III, Mense contends that the trial court erred by excluding extrinsic evidence of her intention that Sellmeyer serve as successor trustee. The trial court heard Mense's testimony as an offer of proof but ultimately found no ambiguity in the trust language, so the evidence was inadmissible. Our affirmance of the trial court's finding as to ambiguity necessarily defeats this point III.

"Absent any ambiguity in the terms of the trust, the intent of the grantor must be determined from the four corners of the instrument without resort to parol evidence as to that intent." Kempton, 224 S.W.3d at 87. Extrinsic evidence concerning a grantor's intentions, whether made before, during, or after execution of a trust, cannot be considered in construing the trust language. Id. To admit parol evidence when there is

---

[2] In fact, in oral argument, Mense's counsel effectively conceded that the clause is unambiguous when she stated that "Mr. Rennick had given himself the authority to remove Mr. Sellmeyer" of the designation. This assertion directly belies her claim that the document is ambiguous as to who has succession powers under section 3J.

no ambiguity as to the grantor's intention would in effect repeal the statute of frauds requiring wills and trusts to be in writing. Id. Point III is denied.[3]

**Conclusion**

The trial court's judgment is affirmed.

_____
Lisa Van Amburg, Chief Judge

Sherri B. Sullivan, J., and
Nancy Schneider, Sp. J., Concur.

---

[3] This court's holding is limited to the specific issue raised on appeal. We do not opine as to the admissibility of extrinsic evidence as it relates to Mense's other claims against Rennick still pending in the trial court.

6